**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Hector German RODRIGUEZ,**
**Defendant–Appellant.**

No. 99–50648.

D.C. No. CR–99–00724–BTM.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2001.*

Decided May 3, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before KOZINSKI and TALLMAN, Circuit Judges, and WINMILL, District Judge.**

## MEMORANDUM ***

Appellant Hector German Rodriguez challenges his drug conviction. He claims that the trial court erred in admitting certain evidence. We affirm.

### 1. Evidence of Prior Conviction

■ The district court did not abuse its discretion under Rule 404(b) in admitting Rodriguez's 1996 conviction for smuggling marijuana. The government was required to prove that Rodriguez knowingly possessed a controlled substance, *see United States v. Jones,* 982 F.2d 380, 382 (9th Cir.1992), and a prior smuggling conviction for the same drug is relevant to this element of the government's case. The prior conviction was very similar to the charged offense, and occurred just three years earlier. *See United States v. Houser,* 929 F.2d 1369, 1373 (9th Cir.1991) (holding that four years is not too remote under Rule 404(b)). The prior conviction was established through the testimony of the arresting officer and a certified copy of the state court judgment and commitment order. Finally, these probative aspects of the conviction were not substantially outweighed by the danger of unfair prejudice under Rule 403. Under these circumstances we find no error in the admission of the 1996 conviction.

### 2. Evidence of TECS Information

■ The defendant challenges the district court's decision to admit Treasury Enforcement Communication Systems ("TECS") evidence showing that Rodriguez did not cross the border on the day of the offense, but did cross the border on four occasions just prior to that date. We agree with the district court that Rodriguez's own testimony opened the door to the admission of the TECS evidence for impeachment purposes. And even if the government's cross examination went beyond the scope of direct examination, cross examination on credibility "is often on topics outside the scope of the direct examination, but that is not a reason to exclude inquiry into the [matter]." *United States v. Harris,* 185 F.3d 999, 1008 (9th Cir .), *cert. denied,* 528 U.S. 1055, 120 S.Ct. 600, —— L.Ed.2d —— (1999); *see Fed.R.Evid.* 611(b).

Rodriguez argues next that he received the TECS lack-of-crossing evidence just five days prior to trial in violation of Rule 404(b)'s requirement that the government "shall provide reasonable notice in advance of trial" of the evidence of other acts by the defendant which it intends to offer. But the district court agreed with Rodriguez and precluded the government from using the evidence in its case-in-chief. It was only later, when Rodriguez opened the door, that the district court allowed the evidence to come in for impeachment pur-

** The Honorable B. Lynn Winmill, Chief United States District Judge for the District of Idaho, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

poses only. The district court did not abuse its discretion.

■ Finally, assuming that Rule 404(b) applies to the TECS four-crossing evidence, the government's failure to produce it prior to trial is harmless error. The government produced it before Rodriguez testified; Rodriguez himself testified that he often crossed between the United States and Mexico because he had homes in Mexico and California; and the government used the evidence for impeachment purposes only.

AFFIRMED.[1]

---

**1.** We vacate submission of Rodriguez's *Apprendi* claim in an order filed concurrently with this disposition.